**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert J Safley, | No. CV-22-08061-PCT-MTL |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Before the Court is Magistrate Judge Michelle H. Burns' Report and Recommendation ("R & R") (Doc. 15) recommending that Robert Safley's ("Safley") Petition for Writ of Habeas Corpus (Doc. 1) be dismissed with prejudice. Safley has not filed any objections to the R & R.

In reviewing an R & R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's finding and recommendations, *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (finding that district courts need not conduct "any review at all . . . of any issue that is not the subject of an objection"). No objections having been received, the Court will accept and adopt the R & R in its entirety.

The Court will also deny Safley's Motion to Expand the Record (Doc. 17). Expansion of the record is not necessary when, as here, the existing record clearly shows

that a petitioner is not entitled to habeas relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) ("[I]f the record . . . precludes habeas relief, a district court is not required to hold an evidentiary hearing" or otherwise expand the record). The record here clearly demonstrates that Safley is not entitled to federal habeas relief. The R & R recommends that Safley's Petition for Writ of Habeas Corpus be denied with prejudice due to a plain procedural bar. Namely, the R & R finds that Safley's claims are procedurally defaulted and that he failed to establish cause, prejudice, or fundamental miscarriage of justice to excuse the default. (Doc. 15 at 12.) Additionally, the R & R finds that Safley failed to demonstrate that reasonable jurists could find the ruling debatable or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because this record clearly demonstrates that Safley is not entitled to habeas relief, the Court will deny Safley's request to expand the record.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 15) is **accepted**.

**IT IS FURTHER ORDERED** that Safley's Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed** with prejudice.

**IT IS FURTHER ORDERED denying** the issuance of a certificate of appealability because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED denying** Safley's Motion to Expand the Record (Doc. 17).

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment and terminate this case.

Dated this 5th day of April, 2023.

Michael T. Liburdi
United States District Judge